**OKLAHOMA FURNITURE MFG. CO. v. COUNTY BOARD OF COM'RS OF OKLAHOMA COUNTY.**

No. 9422—Opinion Filed Sept. 24, 1918.

(175 Pac. 227.)

**Taxation—Assessment of Corporation—"Net Value."**

Under the laws of this state, no deduction is authorized or permitted on account of liabilities or indebtedness of a corporation in computing the assessment for taxation of the property of said corporation. By the term "net value" is not meant the value clear of, or free from, deductions on account of the debts and liabilities of a corporation, but clear of, or free from, deductions on account of the assessed value of real estate listed separately, and other deductions authorized by law.

(Syllabus by Davis, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

In the matter of the Oklahoma Furniture Manufacturing Company. From an order of the County Board of Commissioners sitting as the Board of Equalization of Oklahoma County, affirmed by the District Court, the Manufacturing Company brings error. Affirmed.

Wilson, Tomerlin & Buckholts, for plaintiff in error.

Chas. B. Selby, Co. Atty., and Porter H. Morgan, for defendant in error.

Opinion by DAVIS, C. This case presents an appeal from a judgment of the district court of Oklahoma county, Okla., affirming an order of the county board of equalization of Oklahoma county, Okla., fixing the valuation of the personal property of plaintiff in error, hereinafter referred to as plaintiff, at the sum of $35,000, for the purpose of taxation. An order was made by said equalization board fixing the valuation of the personal property of plaintiff at the sum of $35,000. Proper objection was made by plaintiff to the action of said board, and subsequent thereto an appeal was lodged in the district court of Oklahoma county, where the matter was heard and a judgment rendered affirming the action of the equalization board in fixing said valuation. Proper steps were taken by plaintiff to appeal from the action of said court, and in due time an appeal was lodged in this court to have the action of the district court of Oklahoma county reviewed and reversed.

There is but one ground urged here for a reversal of this case. The error assigned is that the court erred in refusing to deduct from the assets of said corporation, consist-ing of personal property, the indebtedness owing by said corporation, and adjudging that plaintiff was entitled to pay only on the amount remaining after said deduction was made. Or in other words, the contention of plaintiff is that it should be assessed on the equity it owned in said personal property.

The evidence adduced at the hearing in the district court of Oklahoma county shows that the personal property owned by plaintiff during the year for which the assessment in question was made was $231,670.79. This sum is exclusive of the real estate that had been listed separately for taxation. The foregoing valuation is the amount as fixed by plaintiff.

Was there error in refusing to deduct from the valuation of the personal assets of plaintiff the indebtedness owing by plaintiff? This question has been settled by this court in the case involving the assessment of the personal property of the Oklahoma National Life Insurance Company (68 Okla. 219, 173 Pac. 376), wherein the exact question involved herein was decided adversely to the contention of plaintiff. Judge Miley, speaking for the court, on this proposition stated:

"But it is unnecessary for us to determine whether that sum represents a liability of the company, since we do not construe the statute as permitting any deduction from the value of the property owned on account of debts or liabilities. That such deductions are not permitted in the absence of a statute is well settled. And it has been held that statutes authorizing the same should be strictly construed. 37 Cyc. 1015. Appellee concedes that there is no statute authorizing the deduction in the assessment of property of individuals or partnerships. * * * The claim is made that this discrimination is permitted by article 10, § 22, * * * of the Constitution."

The term "net value" was then construed to mean the amount of personal property remaining after proper deductions had been made of the real estate owned by a corporation, and any other property otherwise taxed, and property not subject to assessment for ad valorem taxation. The rule announced in the foregoing decision is decisive of the instant case and sets at rest the contention here urged by counsel for plaintiff.

There was no error in the action of the trial court in affirming the order of the equalization board fixing the valuation to be placed on the personal property of plain-

tiff at $35,000, and we therefore recommend that said judgment be affirmed.

By the Court: It is so ordered.